**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————————

No. 00-51159
(Summary Calendar)

————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESUS VARA-OLVERA,

Defendant - Appellant.

————————————

Appeal from the United States District Court
For the Western District of Texas
USDC No. A-00-CR-80-ALL-JN

————————————

November 29, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Jesus Vara-Olvera appeals his sentence following his guilty-plea conviction for illegal reentry

into the United States. The district court determined that Vara-Olvera's offense level should be

increased by sixteen points pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)

———————————————

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2001) due to his prior felony DWI conviction.  The Government has filed an unopposed motion to remand for sentencing pursuant to this court's decision in *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001), *rehearing and rehearing en banc denied*, 262 F.3d 479 (5th Cir. 2001).

In *Chapa-Garza*, we held that a Texas felony conviction is not a "crime of violence" as defined in 18 U.S.C. § 16 and thus is not an aggravated felony for the purpose of U.S.S.G. § 2L1.2(b)(1)(A)'s 16-level enhancement.  *Id.* at 927.  Therefore, the district court, which did not have the benefit of our decision in *Chapa-Garza* when it sentenced Vara-Olvera, erred in applying the 16-level enhancement.

The Government's motion is GRANTED, the sentence is VACATED, and this case is REMANDED for resentencing in light of *Chapa-Garza*.